IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>JESUS PEREZ ACEVEDO,<br><br>　　　　　　Defendants.<br>　　　　　　　　　　　　　　　　/ | CASE NOS. CR F 06-0245 LJO AND CV F 08-0966 LJO<br><br>**ORDER ON DEFENDANT'S 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE**<br>(Doc. 73.) |

### INTRODUCTION

Defendant Jesus Perez Acevedo ("defendant") is a federal prisoner and proceeds pro se to seek to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 ("section 2255"). This Court considered defendant's section 2255 motion on the record and DENIES the motion.

### BACKGROUND

#### Charges And Plea Agreement

An August 3, 2006 superseding indictment charged defendant with six drug conspiracy, distribution and possession counts.

Defendant entered into a November 20, 2007 F.R.Crim.P. 11(c) Memorandum of Plea Agreement ("plea agreement") by which defendant voluntarily agreed to plea guilty to Count I, violation of 21 U.S.C. §§ 841(a)(1) and 846 – conspiracy to distribute methamphetamine, heroin and cocaine. The plea agreement provided defendant's knowing and voluntary waiver of his constitutional and

statutory rights to appeal his plea and conviction and defendant's agreement "not to contest his plea, conviction in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. § 2255." Defendant further acknowledged "that the Court will consider whether there is a basis for departure from the guideline range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission" in formulating the U.S. Sentencing Guidelines ("Sentencing Guidelines"). Defendant recognized that "the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a)."

The United States of America ("Government") agreed that if "the United States Probation Office determines that a three-level reduction in defendant's offense level for full and clear demonstration of acceptance of responsibility is appropriate under U.S.S.G. § 3E1.1, the government will not oppose such a reduction and will so move under §3E1.1(b), so long as the defendant pleads guilty . . ."

**<u>Sentencing</u>**

This Court conducted an April 18, 2008 sentencing hearing and after extensive discussion on the record, the Assistant U.S. Attorney, defendant and defense counsel "jointly agreed" to a 102-month sentence and waiver of defendant's appeal rights. Defendant acknowledged such agreement:

> THE COURT: And from a practical standpoint, clearly what that means is that if I sentence you to the 102 months that is being jointly recommended – meaning "jointly" meaning both sides, including your side – that you are done with any possibility of any appeal in this case, in the entirety of this case, including sentencing?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Is that what you want?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And you do understand that that's a constitutional right that your are giving up?
>
> THE DEFENDANT: Yes.

This Court sentenced defendant to 102 months imprisonment, well below the Sentencing Guideline range of 168 to 210 months. This sentence was consistent with the joint agreement. This Court

specifically noted the factors under 18 U.S.C. § 3553(a), including representations as to level of involvement. Defendant did not file a direct appeal of his conviction and sentence with the Ninth Circuit Court of Appeals.

### Section 2255 Motion

On July 7, 2008, defendant filed his section 2255 motion to claim "ineffective assistance of counsel at sentencing." Defendant accuses his counsel of failure "to investigate or present mitigating evidence at sentencing." Defendant claims that his counsel "misrepresented and misadvised the plea to defendant about the condition of his plea bargain when specifically enquired by defendant, in as much as counsel knew that defendant's whole behaviour [sic] and guilty plea was structured to avoid a plea agreement that would not result in a long sentence or prison time."

## DISCUSSION

### Waiver

Defendant's waiver to collaterally attack his sentence with a 2255 motion precludes claims, if any, as to this Court's failure to consider mitigation factors.

A plea agreement is a contract and subject to contract law standards. *United States v. Escamilla*, 975 F.2d 568, 571 (9th Cir. 1992); *United States v. Read*, 778 F.2d 1437, 1441 (9th Cir. 1985). A defendant may waive the right to bring a section 2255 motion. *United States v. Abarca*, 985 F.2d 1012, 1013 (9th Cir.), *cert. denied*, 508 U.S. 979 (1993). "[A] prisoner may not collaterally attack a judgment if the prisoner waived the right to do so." *United States v. Racich*, 35 F.Supp.2d 1206, 1210 (S.D. Cal. 1999). A plea agreement does not waive the right to bring a section 2255 motion unless it does so expressly. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). The right to bring a collateral attack under section 2255 is statutory, and a "knowing and voluntary waiver of a statutory right is enforceable." *Abarca*, 985 F.2d at 1014.

Defendant's waiver of his appeal and collateral attack rights, as part of defendant's knowing and voluntary plea agreement, is valid. When reviewing his plea in open court, defendant acknowledged his agreement to the 102-month sentence and waiver of appeal rights. As such, defendant is barred to pursue any claim as to failure to consider mitigation factors. Because defendant waived his right to collaterally attack his sentence in a 2255 motion, defendant is precluded to raise such issues in a 2255

motion which do not relate to the performance of his attorney.  *See Escamilla*, 975 F.2d at 571; *Abarca*, 985 F.2d at 1013.

### Ineffective Assistance Of Counsel

Defendant claims ineffective assistance of counsel regarding his sentence.  Although his 2255 motion is unclear, defendant appears to claim that he expected a lower sentence.  A defendant may not be able to "waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain." *Pruitt*, 32 F. 3d at 433.  As such, this Court scrutinizes defendant's ineffective assistance of counsel claim.

When considering an ineffective assistance of counsel claim, a court must consider two factors. *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct. 838, 842 (1983); *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994), *cert. denied*, 513 U.S. 1001, 115 S.Ct. 513 (1995).  The first factor is whether the counsel's performance fell below an objective standard of reasonableness considering all of the circumstances.  *Strickland,* 466 U.S. at 687-688, 104 S.Ct. at 2064; *Bloom v. Calderon*, 132 F.3d 1267, 1270 (9th Cir. 1997), *cert. denied*, 494 U.S. 1039, 118 S.Ct. 1856 (1998).  A defendant must demonstrate that counsel's performance was deficient and that counsel made errors so serious not to function as "counsel" guaranteed by the Sixth Amendment.  *Strickland*, 466 U.S. at 687, 104 S.Ct. At 2064.  A defendant must identify counsel's alleged acts or omissions that were not the result of reasonable, professional judgment considering the circumstances.  *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066; *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995), *cert. denied*, 519 U.S. 848, 117 S.Ct. 135 (1996).  There is a strong presumption that counsel's performance fell within the wide range of professional assistance. *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S.Ct. 2574, 2586 (1986) (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065); *Bloom*, 132 F.3d at 1270; *Hughes v. Borg*, 898 F.2d 695, 702 (9th Cir. 1990).  Judicial scrutiny of counsel's performance is highly deferential.  *Strickland*, 466 U.S. at 677-678; 104 S.Ct. at 2063; *Quintero-Barraza*, 78 F.3d at 1348; *Sanders v. Ratelle*, 21 F.3d 1446, 1456 (9th Cir. 1994).

The second factor for court consideration is whether the petitioner has affirmatively proven prejudice.  *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2067; *Bloom*, 132 F.3d at 1271.  Prejudice occurs when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2066. A reasonable probability is "a probability sufficient to undermine the confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2066. In addition, the court can find prejudice only when the outcome would have been different without counsel's errors. *See Lockhart*, 506 U.S. at 369-370, 113 S.Ct. at 842-843. A court must also evaluate whether the entire proceeding was fundamentally unfair or unreliable because of counsel's ineffectiveness. *See Lockhart*, 506 U.S. at 369-370, 113 S.Ct. at 842-843; *Quintero-Barraza*, 78 F.3d at 1345; *United States v. Palomba*, 31 F.3d 1456, 1461 (9th Cir. 1994). A defendant may be granted a windfall, to which he is not entitled, if his/her conviction or sentence is set aside solely because the outcome may have been different but for counsel's errors. *Lockhart*, 506 U.S. at 369-370, 113 S.Ct. at 842. Thus, if a court finds that counsel's performance fell below an objective standard of reasonableness, and that but for counsel's unprofessional errors, the result of the proceeding would have been different, the court must determine despite the errors and prejudice, whether the proceeding was fundamentally fair and reliable.

A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the petitioner as a result of the alleged deficiencies. *Strickland*, 466 U.S. at 697. Since it is necessary to prove prejudice, any deficiency that does not result in prejudice must necessarily fail.

In essence, defendant appears to fault his counsel for failure to secure a lower sentence in that defendant appears to claim he would not have pled guilty if he knew had known his ultimate sentence. Such claim is ludicrous in that defendant with his counsel negotiated the 102-month sentence with the Assistant U.S. Attorney during a break in the sentencing hearing. Defendant offers nothing meaningful to demonstrate erosion of his Sixth Amendment right to counsel or that counsel's conduct prejudiced the defense. There is no evidence that defense counsel made errors so serious not to function as Sixth Amendment guaranteed counsel. Defendant points to neither unreasonableness of defense counsel nor a reasonable probability of a different result, especially considering defendant's explicit agreement to the 102-month sentence. This Court is not in a position to grant defendant a windfall and unwind defense counsel's representation of defendant. Defendant's ineffective assistance of counsel claim fails.
///

**Certificate Of Appealability**

28 U.S.C. § 2253(c)(1) precludes an appeal from a final order in section 2255 proceedings unless a circuit justice or judge issues a certificate of appealability ("COA"). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2); see *Williams v. Calderon*, 83 F. 3d 281, 286 (9th Cir. 1996). A COA issues when defendant demonstrates the questions raised are "debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4, 103 S.Ct. 3382, 3394-3395, n. 4 (1983). In the absence of a COA, no appeal in a section 2255 proceeding may be heard. 28 U.S.C. § 2253(c).

This Court has reviewed the record of this case and finds no jurist of reason could debate the correctness to deny defendant collateral relief. *See Barefoot*, 463 U.S. at 893, n. 4, 103 S.Ct. at 3394-3395, n. 4; *Clark v. Lewis*, 1 F. 3d 814, 819 (9th Cir. 1993). On the merits of this case, reasonable jurists would not debate the constitutionality of defendant's conviction. A certificate of appealability is improper.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court DENIES defendant section 2255 relief and a certificate of appealability. The clerk is directed to close Case No. CV F 08-0966.

IT IS SO ORDERED.

Dated:   July 17, 2008                           /s/ Lawrence J. O'Neill
                                                 UNITED STATES DISTRICT JUDGE